# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| BRUCE MCSWIGGAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 3:25-cv-523 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| MATTHEW HATFIELD, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Matthew Hatfield's Motion to Dismiss Complaint [Doc. 14].

For the reasons explained below, Defendant's Motion [Doc. 14] is **GRANTED IN PART** and

**DENIED IN PART.**

## I.      BACKGROUND

This case involves the sale of Smoky Mountain Air Charters ("SMAC"), a Delaware

Limited Liability Company owned by Defendant, to Plaintiff. [Doc. 1 at ¶ 10]. When the parties

first discussed the purchase of SMAC, SMAC was the holder of United States Federal Aviation

Administration Part 135 Air Carrier Certificate, No. Y3KA (the "Certificate"). [*Id.* at ¶ 6]. As part

of the Certificate, SMAC owned and operated a single aircraft: Cessna 340, Registration No.

N5446G (the "Aircraft"). [*Id.* at ¶¶ 6–8]. Importantly, Federal Aviation Administration ("FAA"0

regulations require a Part 135 Certificate holder to either own or to exclusively lease at least one

aircraft. [*Id.* at ¶¶ 8, 17]. The viability of the Certificate depends upon an approved aircraft that

can be operated pursuant to the Certificate. [*Id.*]. On May 17, 2023, Defendant informed Plaintiff

via email that he was considering changing the ownership of the Aircraft from SMAC to another

LLC but that the change in ownership would not affect SMAC. [*Id.*].

On May 20, 2023, Plaintiff signed a Purchase and Sale Agreement (the "Agreement"), which provided that Plaintiff would receive one hundred percent of the membership interests of SMAC. [*Id.* at ¶ 10]. The Agreement provided only for the sale of SMAC and the Certificate but did not specifically include the Aircraft. [*Id.* at ¶ 11]. On June 13, 2023, Defendant initiated the formal process of removing the Aircraft from the Certificate. [*Id.* at ¶ 13–14]. Upon request, Defendant mailed a formal letter to the Nashville Flight Standards District Office (the "Nashville FSDO") requesting the Aircraft be removed and further stating that he intended to replace it with another Cessna 340 within the next 4-6 weeks. [*Id.*]. Plaintiff was neither aware nor was he informed by Defendant of his efforts to remove the Aircraft from the Certificate. [*Id.* at 14]. A day after requesting removal of the Aircraft, on June 14, 2023, Defendant signed the Agreement and soon after Plaintiff paid Defendant $85,000. [*Id.* at ¶ 15].

On June 20, 2023, the Nashville FSDO notified Defendant that the Aircraft had been successfully removed from the Certificate, and stated, "This office expectation is that you will submit documentation and have an aircraft conformed and ready for inspection by July 27, 2023." [*Id.* at ¶ 16]. Defendant failed to do so, and on August 1, 2024, the Nashville FSDO sent Defendant a notice of investigation for failure to comply with 14 C.F.R. § 135.25(b), which requires the Certificate to have at least one aircraft listed on it. [*Id.* at ¶ 17]. Defendant responded to the notice of investigation stating that he had an oral agreement for the purchase of an aircraft, and on September 19, 2023, Defendant purchased this aircraft and contacted the Nashville FSDO to place it on the Certificate. [*Id.* at ¶¶ 18–19]. Over the course of the next few months, Defendant repeatedly failed to comply with the Nashville FSDO requests for the proper documentation and any attempts to include a new aircraft on the Certificate. [*Id.* at ¶¶ 20–25]. Because of Defendant's failure to comply with Nashville FSDO's requests, the FAA revoked the Certificate on March 11,

2024. [*Id.* at ¶ 26]. Defendant did not disclose any of these events to Plaintiff. [*Id.* at ¶¶ 19–28]. In addition, Defendant at no time initiated any action or made any request to the FAA to transfer the Certificate to Plaintiff. [*Id.* at ¶ 29].

On October 28, 2025, Plaintiff filed a three-count complaint against Defendant, alleging breach of contract, breach of implied duty of good faith and fair dealing, and fraud. [*Id.* at ¶¶ 30–53]. Defendant now moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted [Doc. 14]. The Motion is now ripe for review.

## II.     STANDARD OF REVIEW

On a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574–75 (6th Cir. 2017) (internal quotations omitted). "The [plaintiff's] factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 575 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3

Plaintiff has asserted three separate causes of action against Defendant, including (1) breach of contract, breach of implied duty of good faith and fair dealing, and (3) fraud. [Doc. 1 at ¶¶ 30–53]. Defendant argues that Plaintiff has failed to allege sufficient facts to meet the elements of each claim under Tennessee law. [Doc. 14]. The Court will analyze each in turn.

*A. Breach of Contract*

Defendant argues that Plaintiff cannot succeed on his claim for breach of contract because Defendant performed in conformity with his contractual obligations and rights. [Doc. 14-1 at 4–6].[1] Specifically, Defendant contends that Plaintiff misconstrues the Agreement because it did not include the Aircraft or obligate him to replace the Aircraft on the Certificate and that, at the time of the Agreement's execution, Defendant had already formally moved to remove the Aircraft from the Certificate. [*Id.* at 5–6]. Defendant, therefore, asserts that Plaintiff received precisely what he bargained for. [*Id.* at 6]. In response, Plaintiff argues that the Defendant contracted to deliver a valid Part 135 charter certificate to Plaintiff, and not only did he fail to deliver the Certificate, he also fundamentally altered its condition. [Doc. 22 at 3–4]. And, as Plaintiff continues, Defendant's arguments concedes that a dispute of material fact exists regarding Defendant's obligations under the Agreement, thereby necessitating a denial of his motion. [*Id.* at 3].

Under Tennessee law, a party must establish three elements to succeed on a breach of contract claim: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of contract, and (3) damages caused by the breach of the contract." *Tenn. Homes v. Welch*, 664 S.W.3d 1, 8 (Tenn. Ct. App. 2022) (internal citation omitted). It is clear that the parties' dispute

---

[1] For consistency and ease of reference, record citations are to the CM/ECF-stamped document and page number, not to the internal pagination of any filed document. Where possible, further citation is made to more specific subdivisions within a document, such as the paragraph number of an affidavit or the original page number of a compressed transcript.

pertains to the second and third elements—namely, whether Plaintiff has pled sufficient facts to raise a plausible inference that Defendant breached the Agreement causing Plaintiff to suffer damages.

Taking the allegations in the Complaint as true, Plaintiff has more than adequately stated a claim for breach of contract. The Agreement contemplated that Plaintiff would receive one hundred percent of SMAC's shares and its single asset: the Certificate. [*See* Doc. 1-1 at 1–2; Doc. 14-1 at 8].[2] Plaintiff alleges, however, that Defendant has not delivered the Certificate, and in fact, that it has been revoked by the FAA. [Doc. 1 at ¶¶ 10–11, 28–29]. Although Defendant contends that the Certificate has been delivered, that factual dispute must be resolved in Plaintiff's favor at this stage. Additionally, while it is true that the Agreement did not expressly require Defendant to maintain the Aircraft on the Certificate, it is entirely plausible, based on the allegations in the Complaint, that the Agreement contemplated a valid Part 135 Certificate—one that necessarily includes at least one aircraft to be registered with the FAA. [*See id.* at ¶¶ 8–11]. Without a valid Part 135 Certificate, SMAC's value is presumably diminished because it can no longer operate as a commercial private airway. [Doc. 22 at 2]. Under Defendant's logic—that he could satisfy the Agreement by delivering a revoked certificate with no aircraft—a seller could hypothetically agree to convey a vehicle yet remove its engine on the eve of closing. Such a result defies common sense. Based on the facts in the Complaint, it is plausible that Plaintiff bargained for SMAC and its valid

---

[2] Ordinarily, a court may only consider matters outside the complaint when ruling on a Rule 12(b)(6) motion to dismiss by converting the motion into one for summary judgment. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). That said, certain categories of evidence do not fall within this general rule. Specifically, a court may consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting a motion to dismiss into a motion for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the Court is permitted to consider the Agreement between the parties at this motion to dismiss stage because it is attached to the Complaint and is central to the claims therein.

5

Certificate, and that Defendant's failure to deliver that Certificate constitutes a breach, resulting in damages by leaving Plaintiff with a company unable to perform its commercial purpose.

Moreover, Defendant's reliance on *Canady v. Meharry Medical College*, 811 S.W.2d 902 (Tenn. Ct. App. 1991) is misplaced. In *Canady*, the plaintiff, a resident physician, sued Meharry Medical College for breach of contract after it elected not to renew the plaintiff's one-year contract and restricted his duties for the remainder of his employment. *Id.* at 904. The court concluded that the plaintiff had no contractual right to a renewal or extension contract, and because the restriction of the plaintiff's duties "was not prohibited by the contract, it is not actionable as a breach of the contract." *Id.* at 906. The facts in this case are clearly distinguishable. First, *Canady* involves the extension of duties from an initial term to an additional one, whereas this case deals with whether Defendant performed an express obligation in the Agreement. Second, nothing in the contract in *Canady* raised the question as to whether the defendant had an obligation to extend the plaintiff's contract term. *See id.* Conversely, the Agreement in this case, at the very least, raises the question of whether Defendant had to deliver a Part 135 Certificate with a valid aircraft. [*See Doc.* 1-1 at ¶¶ 1, 16, 20]. The facts in this case raise a plausible inference that Defendant had a duty to deliver the Certificate, whereas the facts in *Canady* did not raise such an inference as to the defendant.

Accordingly, Plaintiff has pled sufficient allegations to support a breach of contract claim. As such, Defendant's Motion [Doc. 14] will be **DENIED** as to Count One in Plaintiff's Complaint [Doc. 1 at ¶¶ 30–37].

### B. *Breach Implied Duty of Good Faith and Fair Dealing*

In seeking dismissal of Plaintiff's claim for breach of the implied duty of good faith and fair dealing, Defendant largely reprises the same arguments, asserting that he complied with the terms of the Agreement because it imposed no obligation of future performance with respect to the Certificate. Again, Defendant asserts that Plaintiff "fully derived the benefit of the Agreement

6

owing to him." [Doc. 14-1 at 8]. Plaintiff counters by arguing that Defendant's contractual duty to deliver a valid Part 135 Certificate was an existing obligation under the Agreement and that the value of the Certificate diminished when it was revoked. [Doc. 22 at 5–7]. For many of the same reasons expressed above, the Court finds Defendant's arguments unavailing.

Under Tennessee law, "every contract contains an implied covenant of good faith and fair dealing in its performance and its enforcement." *Beijing Fito Med. Co., Ltd. v. Wright Med. Tech., Inc.*, 763 F. App'x 388, 392–93 (6th Cir. 2019) (citing *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 661 (Tenn. 2013)). However, there does not exist a standalone claim for breach of the implied covenant. *Voya Ret. Ins. & Annuity Co. v. Johnson*, No. M2016-00435-COA-R3-CV, 2017 Tenn. App. LEXIS 716, at *12 (Tenn. Ct. App. Oct. 27, 2017) (internal citation omitted). "'[R]ather, it is part of an overall breach of contract claim.'" *Id.* (internal citation omitted). As such, "a party contending that there has been a breach of the implied covenant of good faith and fair dealing must connect that contention to a claim for breach of a specific contractual provision." *Beijing Fito Med. Co., Ltd.*, 763 F. App'x at 393.

Here, as the Court as already explained, Plaintiff has stated a claim for breach of contract regarding Defendant's alleged duty to provide a valid Part 135 Certificate. [*See* Doc. 1-1 at ¶ 1]. The existence of a valid breach of contract claim means that there exists a contractual provision for which the breach of the implied duty may attach. *See Voya Ret. Ins. & Annuity Co.*, 2017 Tenn. App. LEXIS 716, at *12 ("Liberally construing the allegations of the counterclaim, we conclude that Ms. Johnson stated a claim for breach of contract, which may include breach of the implied covenant of good faith and fair dealing."); *In re AME Church Emple. Ret. Fund Litig.*, Lead Case No. 1:22-md-03035-STA-jay, 2023 U.S. Dist. LEXIS 45748, at *123 n.23 (W.D. Tenn. Mar. 17, 2023) ("Without a plausible claim for breach of contract, Plaintiffs have also failed to state a claim for breach of the contract's implied covenant."); *Advancmed, LLC v. Pitney Bowes Credit Corp.*,

7

No. 05-464-JBC, 2006 U.S. Dist. LEXIS 20719, at *10 (E.D. Ky. Apr. 14, 2006) ("Because the plaintiff's breach-of-contract claim survives PBI's motion to dismiss, there remains an underlying contractual provision to which the breach of the duty of good faith and fair dealing claim may be applied."). The allegations in the Complaint—including Defendant's alleged obligation to provide the Certificate, his alleged actions in maintaining the lapsed Certificate, and his alleged failure to keep Plaintiff appraised of his actions—are surely sufficient to create a plausible inference that Defendant breached the implied duty of good faith and faith dealing. [*See* Doc. 1 at ¶¶ 10–11, 12– 26, 28].

Therefore, because Plaintiff has met the minimal burden in stating a breach of contract claim, his claim for breach of the implied duty of good faith and fair dealing may also proceed. Defendant's Motion [Doc. 14] is **DENIED** as to Count Two in Plaintiff's Complaint [Doc. 1 a ¶¶ 38–45].

*C. Fraud*

Finally, Defendant argues that Plaintiff's claim for fraud should be dismissed because he did not make a false representation of material fact. [Doc. 14-1 at 8–11]. Defendant contends that the Complaint makes no particular allegation concerning the alleged false statement of material fact, thereby failing the heightened pleading standard required for claims of fraud. [*Id.* at 10]. In response, Plaintiff provides as follows:

> A. Plaintiff's particular allegation of fraud is that of Mr. Hatfield's concealed actions removing the Aircraft from the Certificate, altering the condition and value of the Certificate which he represented to Mr. McSwiggan as unaltered (Doc 1, Page ID #s 2, 3, and 9, and elsewhere).

> B. Plaintiff provided the timing and content of the alleged misrepresentation or fraudulent intent in the timeframe between when Plaintiff Buyer inspected and signed the Agreement, and the delay and actions undertaken by Defendant Seller to conceal the removal of the federally required aircraft under which the Certificate had exclusive control. (Doc 1, Page ID #s 2-4, 9, and elsewhere).

8

[Doc. 22 at 7]. After carefully reviewing the allegations in the Complaint, Plaintiff has not adequately alleged a claim for fraud.

In Tennessee, claims such as intentional misrepresentation, fraudulent concealment, and fraudulent inducement all fall under the broader umbrella of "fraud." *Oddello Indus., LLC v. Sherwin-Williams Co.*, No. 2:14-CV-127, 2015 U.S. Dist. LEXIS 199672, at *10 (E.D. Tenn. Mar. 31, 2015). Although Plaintiff's Complaint does not specify which theory he invokes, the allegations assert that Defendant intentionally misrepresented and concealed material facts regarding the Certificate. [*See* Doc. 1 at ¶¶ 47–48]. The Court therefore construes the Complaint as asserting a fraud claim under theories of intentional misrepresentation and fraudulent concealment. The Court will analyze each in turn.

> A plaintiff alleging intentional misrepresentation under Tennessee law must prove:
>
> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

*Fulwood Constr. Co., LLC v. McGil Holdings, LLC*, No. 2:20-cv-02524-TLP-atc, 2020 U.S. Dist. LEXIS 226508, at *8 (W.D. Tenn. Dec. 3, 2020) (internal citation omitted). In addition, a party alleging fraud must "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 410–11 (6th Cir. 2022) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)). To do this, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the

9

statements were fraudulent." *Id.* Although Plaintiff alleges fraud under Tennessee law, he must comply with the pleading requirements set out in Rule 9(b) because it "governs the procedure for pleading fraud in all diversity suits in federal court." *Id.* at 410 n.10 (internal citation omitted).

Here, Plaintiff identifies only one specific statement by Defendant to Plaintiff in the entire Complaint. Paragraph 8 of the Complaint alleges, "Via an email on May 17, 2023, the Defendant informed Mr. McSwiggan that the Defendant was considering changing the ownership of the Aircraft which was the sole aircraft listed on the Certificate, from SMAC to another LLC. Defendant stated the change in ownership would not affect SMAC." [Doc. 1 at ¶ 8]. This statement is not actionable as fraud, as it concerns potential future events rather than a representation of an existing or past fact. *See Davis v. McGuigan*, No. M2007-022420COA-R3-CV, 2008 Tenn. App. LEXIS 524, at *16 (Tenn. Ct. App. Sept. 10, 2008) ("In Tennessee, the misrepresentation must consist of a statement of a material fact, past or present; statements of opinion or intention are not actionable and conjecture or representations concerning future events are not actionable even though they may later prove to be false." (internal quotations omitted)). Even if it were actionable, the Complaint does not plausibly allege that the statement was false when made or that Defendant knew it to be false. To the contrary, Plaintiff alleges that Defendant did in fact later purchase a new aircraft [Doc. 1 at ¶ 19], made representations to third parties about adding it to the Certificate [*Id.* at ¶¶ 18–19], and at least attempted to add it to the Certificate even if he ultimately failed [*Id.* at ¶¶ 19–25]. Aside from the statements alleged in paragraph 8 of the Complaint, Plaintiff's remaining assertions of misrepresentations are generalized allegations that "offer nothing more than 'labels and conclusions,' which the Court need not accept as true." *Davin v. Resolution Mgmt. Consultants*, No. 3:18-CV-346-TAV-HBG, 2019 U.S. Dist. LEXIS 99036, at *8 (E.D. Tenn. June 13, 2019); [*See* Doc. 1 at ¶¶ 47–53].

10

Taken together, the allegations in the Complaint do not support a plausible inference of fraud based on intentional misrepresentation. The facts alleged suggest, at most, unsuccessful or inadequate performance, not fraud.

Plaintiff's claim for fraud fares no better under the theory of fraudulent concealment. "In Tennessee, the tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." *McMahan v. Olin Corp.*, No. 1:24-cv-96, 2026 U.S. Dist. LEXIS 74657, at *26–27 (E.D. Tenn. Apr. 6, 2026) (quoting *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 810 F. App'x 389, 395 (6th Cir. 2020)). "The duty to disclose arises in three circumstances: (1) where there is a previous fiduciary relation; (2) where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other; and (3) when the contract or transaction is intrinsically fiduciary." *Id.* at 27 (internal citation omitted).

Here, it is unlikely that the duty to disclose exists in this case because Plaintiff and Defendant's relationship does not fall under any of the three categories. Their relationship is not fiduciary in nature and is likely not the "confidential relationship" courts have generally accepted. *See Id.* at *27 n.11 (collecting cases). However, even assuming that there was a duty to disclose, Defendant's mere silence is not enough to support a claim for fraudulent concealment. *See Am. Access. Int'l, LLC v. Conopco, Inc.*, No. 3:15-CV-49-TAV-HBG, 2016 U.S. Dist. LEXIS 18919, at *22 (E.D. Tenn. Feb. 17, 2016) ("[E]ven where the parties have had business transactions, it is universally held that mere silence does not constitute concealment." (internal citation omitted)). "There must be a concealment consisting of 'withholding information asked or, or in making use of some device to mislead, thus involving act and intention,' or more generally, the term concealment infers that the 'the person is in some way called upon to make a disclosure.'" *Id.*

11

(internal citation omitted). Plaintiff fails to allege such facts. To the contrary, the Complaint indicates that, prior to signing the Agreement, Plaintiff was aware that Defendant intended to change ownership of the Aircraft. [*See* Doc. 1 at ¶¶ 8–9]. Nor does the Complaint plausibly allege that Defendant was obligated to inform Plaintiff of each step in the process of changing what aircraft was in the certificate. While more fulsome disclosure may have been preferable, its absence does not rise to the level of fraud.

Accordingly, Plaintiff has failed to properly allege a claim for fraud. Defendant's Motion [Doc. 14] as to Count Three in Plaintiff's Complaint [Doc. 1 at ¶¶ 46–53] is **GRANTED** and that claim is **DISMISSED WITHOUT PREJUDICE**.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Complaint [Doc. 14] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim for fraud in Count Three of the Complaint [Doc. 1 at ¶¶ 46–53] is **DISMISSED WITHOUT PREJUDICE**. Conversely, Counts One and Two of Plaintiff's Complaint for breach of contract and breach of implied duty of good faith and fair dealing shall proceed. [*Id.* at ¶¶ 30–45].

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

12